UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELA MARIE HOSLER,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN,<br><br>                    Defendant. | NO:  15-CV-0007-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 12 and 14.  This matter was submitted for consideration without oral argument. Plaintiff was represented by Dana C. Madsen. Defendant was represented by Nicole A. Jabaily.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Motion for Summary Judgment.

**JURISDICTION**

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

1    Plaintiff Angela Marie Hosler protectively filed for disability insurance

2    benefits and supplemental security income ("SSI") on March 7, 2011. Tr. 219-231.

3    In both applications, Plaintiff alleged an onset date of January 31, 2011. Tr. 219,

4    225. Benefits were denied initially and upon reconsideration. Tr. 138-145, 148-

5    152. Plaintiff requested a hearing before an administrative law judge ("ALJ"),

6    which was held before ALJ R.J. Payne on May 1, 2013. Tr. 41-81. Plaintiff was

7    represented by counsel and testified at the hearing. Tr. 59-81. Medical experts Dr.

8    John Morse (Tr. 44-50) and Dr. Jay M. Toews (Tr. 50-59) also testified. The ALJ

9    denied benefits (Tr. 20-40) and the Appeals Council denied review. Tr. 1. The

10    matter is now before this court pursuant to 42 U.S.C. § 405(g).

11                              **STATEMENT OF FACTS**

12    The facts of the case are set forth in the administrative hearing and

13    transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner,

14    and will therefore only be summarized here.

15    Plaintiff was 48 years old at the time of the hearing. Tr. 61. She attended

16    school "up to" ninth grade did not get her GED. Tr. 61-62. Plaintiff's previous

17    employment included front desk clerk, convenience store clerk, and waitress. Tr.

18    63-66. Most recently, she worked as a night auditor at the front desk of a motel for

19    six and a half years. Tr. 62-63. Plaintiff testified that she quit that job due to

20    anxiety and panic attacks. Tr. 63. Plaintiff claims she is disabled due to pain in the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

hips, back, stomach, and hands; migraines; hearing problems; and depression. *See* Tr. 148. She testified that she does not drive and is sometimes forced to get off the bus if it is too full of people because of panic attacks. Tr. 70. She can walk a half a block at a time; can only stand for fifteen to twenty minutes before she starts hurting; can only sit for half an hour before she has to move; cannot carry a ten pound bag; and her fingers are "always going numb." Tr. 70-72, 76. Plaintiff testified that she has a headache "all the time," and does not sleep well. Tr. 74-75. She takes medication for sleeping and anxiety, which helps "a little." Tr. 69, 75.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153, 1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. If the evidence in the record "is susceptible

to more than one rational interpretation, [the court] must uphold the ALJ's findings

if they are supported by inferences reasonably drawn from the record." *Molina v.*

*Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not

reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An

error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability

determination." *Id.* at 1115 (quotation and citation omitted). The party appealing

the ALJ's decision generally bears the burden of establishing that it was harmed.

*Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

### FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act. First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be

"of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the

Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § § 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

ALJ'S FINDINGS

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015. Tr. 25. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 31, 2011, the alleged onset date. Tr. 25. At step two, the ALJ found Plaintiff has the following severe impairment: hearing loss (20 CFR 404.1520(c) and 416.920(c)). Tr. 25. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 31. The ALJ then found that Plaintiff had the RFC to perform the full range of work at all exertional levels defined in 20 CFR 404.1567(c) and 416.967(c) that do not require exposure to loud noise or a noisy work setting. Tr. 32. At step four, the ALJ found Plaintiff is capable of performing past relevant work as a night auditor, front desk clerk, convenience store clerk, casino waitress, and cocktail waitress; because this work does not require the performance of work-related activities precluded by the Plaintiff's RFC (20 CFR 404.1565 and 416.965). Tr. 34. The ALJ also alternatively found that at step five, considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that the Plaintiff can perform. Tr. 35. Thus, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, from January 31, 2011 through the date of his decision. Tr. 35.

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ erred by improperly discrediting Plaintiff's subjective complaints; (2) the ALJ improperly evaluated the opinions of examining psychologists Dr. Catherine MacLennan, Dr. Rachael McDougall, and Dr. John Arnold; and (3) the ALJ erred at step two by not finding severe mental impairments. ECF No. 12 at 8-15. Defendant argues: (1) the

ALJ's assessment of Plaintiff's credibility was reasonable; (2) the ALJ reasonably weighed the medical opinions of record; (3) the ALJ reasonably concluded that hearing loss was Plaintiff's only severe medically determinable impairment at step two. ECF No. 14 at 2-14.

## DISCUSSION

### A. Credibility

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. *Id*. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* Absent any evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d 661, 672 (9th Cir.2012) (quotation and citation omitted).[1]

Here, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible." Tr.

---

[1] Defendant argues that this court should apply a more deferential "substantial evidence" standard of review to the ALJ's credibility findings. ECF No. 14 at 8 n.1. The court declines to apply this lesser standard. The Ninth Circuit recently reaffirmed in *Garrison v. Colvin* that "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so;" and further noted that "[t]he governments suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    33. Plaintiff argues the ALJ "failed to provide specific findings with clear and

2    convincing reasons for discrediting [Plaintiff's] symptom claims." ECF No. 12 at

3    9. The court agrees. Initially, the ALJ notes that, while Plaintiff testified to pain at

4    a level 8 on a 1-10 scale at the hearing (Tr. 80), "she did not exhibit any difficulty

5    sitting during the almost hour long hearing, despite her claims that she can only sit

6    for half an hour." Tr. 33. Defendant argues that the inclusion of the ALJ's personal

7    observations does not, in itself, render a decision improper. ECF No. 14 at 9 (citing

8    *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d at 595, 600 (9th Cir. 1999)).

9    However, it is widely held in the Ninth Circuit that an ALJ's observation "[t]hat a

10   claimant does not exhibit manifestations of pain at the hearing before the ALJ is,

11   standing alone, insufficient to rebut a claim of pain." *Fair v. Bowen*, 885 F.2d 597,

12   602 (9th Cir. 1989); *see also Gallant v. Heckler*, 753 F.2d 1450, 1455 (9th Cir.

13   1984) (finding ALJ's finding that claimant "sat for over an hour without any

14   apparent distress … provides little, if any, support for the ALJ's ultimate

15   conclusion that the claimant is not disabled or that his allegations of constant pain

16   are not credible."). As discussed in detail below, the ALJ's additional reasons for

17   rejecting Plaintiff's testimony are not clear, convincing, and supported by

18   substantial evidence.

19          First, the ALJ notes that Plaintiff's daily activities, as she described them at

20   the hearing are "quite full." Tr. 33. It is well-settled that a claimant need not be

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
11

utterly incapacitated in order to be eligible for benefits. *Fair*, 885 F.2d at 603.

However, there are two grounds for using daily activities to form the basis of an

adverse credibility determination. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.

2007). First, the daily activities may contradict a claimant's other testimony. *Id.*;

*Molina*, 674 F.3d at 1113 ("Even where those activities suggest some difficulty

functioning, they may be grounds for discrediting the claimant's testimony to the

extent that they contradict claims of a totally debilitating impairment."). Second,

daily activities may be grounds for an adverse credibility finding if a claimant is

able to spend a substantial part of his or her day engaged in pursuits involving the

performance of physical functions that are transferable to a work setting. *Orn*, 495

F.3d at 639. In support of his reasoning, the ALJ in this case cited Plaintiff's

testimony that she lives alone, cares for her own needs, takes the bus, visits with

neighbors, and performs household chores. Tr. 33. The ALJ referred to portions of

the record indicating that Plaintiff goes to the casino "at times," and "at one point

cared for her nephew, including helping with homeschooling." Tr. 33.

However, the ALJ does not identify specific testimony he finds not to be

credible, nor does he offer explanations for why the evidence undermines

Plaintiff's testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)

(in making a credibility finding, the ALJ "must specifically identify the testimony

she or he finds not to be credible and must explain what evidence undermines the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
12

testimony."). Moreover, as noted by Plaintiff, the daily activities listed by the ALJ are "taken out of the context of [Plaintiff's] testimony." ECF No. 12 at 9. Plaintiff testified that she has to get off the bus when it gets too full because she cannot breathe. Tr. 70. She testified that her neighbor will take her grocery shopping when she is unable to take the bus, or she sometimes has to take consistent trips because she cannot carry a lot at a time. Tr. 71-72. Plaintiff also testified that she could not vacuum very often because of pain, and could only do dishes and laundry in small amounts at a time. Tr. 72-73. Plaintiff did report once in May 2011 that she "occasionally" went to the casino; however, while not noted by the ALJ, this statement was qualified by Plaintiff's simultaneous report that is "too uncomfortable in a big crowded place and has panic attacks" and "has never been one who goes out." Tr. 296. Finally, while Plaintiff reported once to Dr. McDougall in September 2011 that she "helps" her nephew with homeschooling (Tr. 314), there is no detail in the record as to what this "help" entailed or how it contradicted the Plaintiff's claimed impairments. *See Thomas*, 278 F.3d at 958 (ALJ must "make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). The ALJ fails to identify with specificity how the identified daily activities are inconsistent with Plaintiff's claims of disability. In addition, the ALJ does not make any findings that Plaintiff's "daily activities" are performed for a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

substantial part of the day or in a manner transferable to the workplace. *See Orn*, 495 F.3d at 639. Therefore, this was not a clear and convincing reason to find Plaintiff not credible.

Second, the ALJ notes that Plaintiff's reasons for leaving her employment are "rather cloudy." Tr. 33. In support of this finding the ALJ references Plaintiff's reports to Dr. MacLennan in May 2011 that she left her previous job "because of different things," including: moving to Spokane to help her son, and because the business was sold and she did not know if she would have a job. Tr. 33, 294. The ALJ also cites Plaintiff's reports in April 2013 that after working at her previous job for six and a half years, she left because the business was sold. Tr. 370. Then, as noted by the ALJ, in direct contrast to all of the previous reasons given for stopping work, Plaintiff testified at the hearing that she had to quit her job because she was starting to panic and have anxiety. Tr. 33, 63. Plaintiff argues that these varying reports "merely [show] that there were compound reasons for her departure." ECF No. 12 at 11. However, an ALJ may consider that a claimant stopped working for reasons unrelated to the allegedly disabling condition when making a credibility determination. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *see also Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may rely on ordinary techniques of credibility evaluation). Here, the ALJ reasonably considered that Plaintiff stopped working for reasons other than her

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

disability as evidence of some lack of credibility. However, standing alone, this reason does not constitute clear and convincing evidence to justify the overall adverse credibility finding.

Third, the ALJ noted that despite claiming disability since January 2011, Plaintiff did not seek any treatment until September 2012. Tr. 33. Unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be the basis for an adverse credibility finding unless there is a showing of a good reason for the failure. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). However, an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." Social Security Ruling ("SSR") 96-7p at *7 (July 2, 1996), available at 1996 WL 374186. Here, the ALJ does not consider Plaintiff's consistent reports that she did not seek medical care due to a fear of medical and psychological providers developed many years ago after experiencing side effects from medication that made her "unaware of what she was doing." Tr. 293, 297, 311. The record also indicates that Plaintiff was homeless for at least a portion of the adjudicatory period, which arguably limited her access to medical care. Tr. 294, 328, 398. Moreover, examining mental

health professionals found, respectively, that Plaintiff had poor judgment and

insight into her own condition (Tr. 297), moderate limitations in her ability to

exercise judgment and make decisions (Tr. 315), and moderate limitations in her

ability to be aware of normal hazards and take appropriate precautions (Tr. 326).

As cited by Plaintiff, "it is a questionable practice to chastise one with a mental

impairment for the exercise of poor judgment in seeking rehabilitation." ECF No.

12 at 11 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1989)). For all of

these reasons, the ALJ erred in rejecting Plaintiff's credibility based on delay in

seeking medical care.

Fourth, the ALJ briefly notes that "claimant has claimed significant mental

health symptoms, yet reports in the [Community Health Association of Spokane]

records indicate limited depression that improves within a month." Tr. 33. An

impairment that can be effectively controlled with treatment is not disabling.

*Warre v. Comm'r, Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). In

support of this finding, the ALJ generally references medical records from the

period of September 28, 2012 through February 6, 2013. Tr. 328-363. Records

from this period do indicate that Plaintiff initially presented with the symptoms of

a major depressive episode, for which she was prescribed medication, and then

reported improvement in symptoms the following month. Tr. 328, 338. However,

the ALJ does not appear to consider that in February 2013, despite reporting that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
16

her status was "overall improved," Plaintiff complained of depressed mood, panic

attacks and sleep disturbances, and "negatives include feelings of guilt or

worthlessness, restlessness, or sluggishness or thoughts of death or suicide." Tr.

353. Her medication for "depression with anxiety" was increased again at that

visit. Tr. 354. Similarly, in April 2013, Plaintiff reported that her medication

helped with her depression, but still scored 20/27 on the PHQ-9 depression scale

and 17/21 on the GAD-7 anxiety scale. Specifically, Plaintiff reported that over the

last two weeks she was bothered by the following problems "nearly every day:"

little interest or pleasure in doing things; feeling down, depressed or hopeless;

trouble sleeping; feeling tired or having little energy; not being able to stop or

control worrying; worrying too much about different things; and trouble relaxing.

Tr. 375. Thus, after reviewing the entire record, the court finds this reason is not

clear, convincing, and supported by substantial evidence.

Finally, the ALJ notes several alleged inconsistent statements by Plaintiff

regarding her limitations. *See Thomas*, 278 F.3d at 958-59 (in evaluating

credibility, an ALJ may consider inconsistencies in Plaintiff's testimony or

between his testimony and his conduct); *see also Smolen v. Chater*, 80 F.3d 1273,

1284 (9th Cir. 1996) (ALJ may consider prior inconsistent statements concerning

symptoms in considering credibility). First, the ALJ found that despite her limited

education and reported problems understanding what she reads, "at the hearing

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
17

[Plaintiff] admitted she enjoyed reading love stories and spending an hour at a time in the library on the computer." Tr. 33. However, while not identified by the ALJ, Plaintiff also testified at the hearing that despite picking out books from the library, she is unable to understand "a real lot of it" and it takes her almost a day to read just one page. Tr. 74. Moreover, Plaintiff consistently reports throughout the record that she has limited education and difficulty understanding what she reads. Tr. 296, 311, 324. Thus, the court is unable to discern any inconsistency in Plaintiff's testimony or between her testimony and conduct regarding her reading ability. Second, the ALJ notes that Plaintiff claims that she cannot be outside alone due to panic attacks, "yet [] she walked alone one block to the evaluation, is able to take the bus [], and currently lives alone." Tr. 33. However, as above, the ALJ does not consider Plaintiff's testimony that she has to get off the bus "a lot of times" if it is too full of people; nor does the ALJ note that despite walking one block to her evaluation, she contemporaneously reported that she has panic attacks when she goes anywhere by herself. Tr. 69, 294. Moreover, the court fails to see how living alone in a single occupancy dwelling is inconsistent with Plaintiff's reported difficulty being *outside* by herself. This reason is not supported by substantial evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

Overall, the court finds the ALJ's reasons for making an adverse credibility finding in this case were not specific, clear and convincing. On remand, the ALJ must make a proper determination of credibility supported by substantial evidence.

**B. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001)(citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir.1995)). Plaintiff contends that the ALJ improperly rejected the opinions of his medical

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

1   providers, including: examining psychologists Dr. Catherine A. MacLennan, Dr.

2   Rachael McDougall, and Dr. John Arnold. ECF No. 12 at 13-14.

3        1.  Dr. Catherine A. MacLennan

4        Dr. MacLennan examined Plaintiff once in May 2011 and completed a

5   psychological evaluation including a mental status examination, but did not

6   complete a mental medical source statement identifying levels of functioning. Tr.

7   293-298. Dr. MacLennan diagnosed post-traumatic stress disorder chronic and

8   complex; anxiety disorder with panic attacks; rule out reading disorder;

9   amphetamine dependence in full remission; and traits of borderline personality

10  disorder. Tr. 296. She opined that Plaintiff is able to reason, sustain concentration,

11  pace and persistence, and sustain focused attention long enough to ensure the

12  timely completion of tasks. Tr. 297. She also opined that Plaintiff "would do better

13  emotionally if she were able to work at least part-time. In spite of the symptoms of

14  PTSD, it seems she is able to respond appropriately to changes in the work place in

15  a calm and quiet setting. Clearly she would not be able to cope with a loud or

16  crowded environment." Tr. 298. As part of the step two analysis, the ALJ

17  referenced Dr. MacLennan's findings, and found that "the only limitation indicated

18  was that Dr. MacLennan felt the claimant would not be able to cope with a loud or

19  crowded environment, which is not inconsistent with the residual functional

20  capacity outlined above." Tr. 30.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
20

1        Plaintiff sole argument is that the ALJ erred by finding Dr. MacLennan's

2  opinion was "clearly sympathetic to the claimant's complaints." ECF No. 12 at 13-

3  14. It is well-settled in the Ninth Circuit that the purpose for which a report is

4  obtained does not provide a legitimate basis for rejecting it. *See Lester*, 81 F.3d at

5  832 ("'The Secretary may not assume that doctors routinely lie in order to help

6  their patients collect disability benefits.'"). However, regardless of any alleged

7  "sympathy" accorded to Plaintiff's complaints, Dr. MacLennan opined that

8  Plaintiff "would do better emotionally if she were able to work at least part-time,"

9  with the only assessed limitation that "[c]learly [Plaintiff] would not be able to

10  cope with a loud or crowded environment." Tr. 298. As argued by the Defendant,

11  the ALJ properly accounted for this restriction in the assessed RFC by limiting

12  Plaintiff to work that does "not require exposure to loud noise or a noisy work

13  setting." ECF No. 14 at 12 (citing Tr. 32). Plaintiff's briefing does not identify

14  with specificity any discrepancy between Dr. MacLennan's opinion and the

15  assessed RFC. *See Carmickle*, 533 F.3d at 1161 n.2 (court may decline to address

16  any issue not raised with specificity in Plaintiff's briefing). Thus, even assuming

17  the ALJ improperly "rejected" Dr. MacLennan's opinion, any error was harmless.

18  *Molina*, 674 F.3d at 1115 (error is harmless "where it is inconsequential to the

19  [ALJ's] ultimate nondisability determination.").

20        2.  Dr. Rachael McDougall and Dr. John Arnold

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
21

1    As part of the step two finding, the ALJ examined Dr. McDougall and Dr.

2    Arnold's opinions jointly (Tr. 31), thus, the court will do the same. While not

3    noted in the ALJ's decision, each doctor examined the Plaintiff and separately

4    opined moderate to marked functional limitations. In September 2011, Dr.

5    McDougall diagnosed Plaintiff with major depressive disorder, recurrent moderate;

6    posttraumatic stress disorder, chronic moderate; panic disorder without

7    agoraphobia; alcohol dependence; cannabis dependence in full sustained

8    remission; and amphetamine dependence in full sustained remission. Tr. 313. Dr.

9    McDougall opined that Plaintiff had moderate limitations in the following areas:

10   the ability to understand, remember and follow simple and complex instructions;

11   the ability to learn new tasks, the ability to exercise judgment and make decisions;

12   the ability to relate appropriately to co-workers and supervisors; the ability to

13   interact appropriately in public contacts; the ability respond appropriately to and

14   tolerate the pressures and expectations of a normal work setting; and the ability to

15   maintain appropriate behavior in a work setting. Tr. 315-316.

16   In September 2012, Dr. Arnold diagnosed Plaintiff with major depression,

17   recurrent, severe, rule out psychotic features; and personality disorder, NOS with

18   borderline features. Tr. 325. He opined that Plaintiff had marked limitations in her

19   ability to perform activities within a schedule, maintain regular attendance, and be

20   punctual within customary tolerances without special supervision; communicate

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
22

1    and perform effectively in a work setting; maintain appropriate behavior in a work

2    setting; and set realistic goals and plan independently. Tr. 326. Dr. Arnold also

3    assessed moderate limitations in Plaintiff's ability to: understand, remember, and

4    persist in tasks by following detailed instructions; perform routine tasks without

5    special supervision; adapt to changes in a routine work setting; make simple work-

6    related decisions; be aware of normal hazards and take appropriate precautions;

7    and complete a normal work day and work week without interruptions from

8    psychologically based symptoms. Tr. 326.

9        The ALJ does not assign any level of weight to Dr. McDougall and Dr.

10    Arnold's respective opinions, but appears to reject them for several reasons. First,

11    the ALJ "notes these examiners placed undue reliance upon the subjective

12    allegations of an individual in a setting where she was being evaluated for the

13    specific purpose of determining entitlement to state general assistance benefits."

14    Tr. 31. However, as argued by the Plaintiff, the purpose for which a report is

15    obtained does not provide a legitimate basis for rejecting it. ECF No. 12 at 14

16    (citing *Lester*, 81 F.3d at 832). Moreover, while Defendant is correct that a

17    physician's opinion may be rejected if it is based on a claimant's subjective

18    complaints which were properly discounted; the ALJ's credibility finding in this

19    case was not based on clear and convincing reasons supported by substantial

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
23

evidence. ECF No. 14 at 13-14 (citing *Fair*, 885 F.2d at 604). These are not

specific and legitimate reasons to reject Dr. McDougall and Dr. Arnold's opinions.

The second, and primary reason, given by the ALJ for discounting these

opinions appears to be an alleged lack of support for Dr. McDougall and Dr.

Arnold's findings in the overall medical record. Tr. 31. The ALJ found the

opinions "are limited by the fact that these conclusions are not supported by

commensurate clinical findings of abnormality contained in longitudinal medical

records, including the opinion of the medical expert Dr. Toews." Tr. 31. A few

sentences later, the ALJ similarly reasons that the opinions "are not supported by

the CHAS records that indicate the claimant did well after being placed on

medication, and the apparent decline in functioning between the two DSHS

evaluations cannot be explained by any evidence in the treatment record." Tr. 31.

An ALJ may reject a physician's opinion that is unsupported by the record as a

whole, or by objective medical findings. *Tonapetyan v. Halter*, 242 F.3d 1144,

1149 (9th Cir. 2001). However, when explaining his reasons for rejecting medical

opinion evidence, the ALJ must do more than state a conclusion, rather, the ALJ

must "set forth his own interpretations and explain why they, rather than the

doctors', are correct."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This

can be done by setting out a detailed and thorough summary of the facts and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
24

conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

Here, the ALJ does not cite any specific records, nor does he summarize conflicting clinical evidence to support his finding. *See* Tr. 82. Instead, the ALJ briefly references, without citation, that Plaintiff "did well after being placed on medication." Tr. 31. However, as discussed in detail above, while Plaintiff did report some improvement in symptoms after beginning medication (Tr. 328, 338), records still include ongoing complaints of depressed mood, panic attacks, sleep disturbances, and "feelings of guilt or worthlessness, restlessness, or sluggishness or thoughts of death or suicide" that necessitated an increase in her medication dosage. Tr. 353-354. Similarly, in April 2013, Plaintiff reported that her medication helped with her depression, but still reported that "nearly every day" she experienced little interest or pleasure in doing things; feeling down, depressed or hopeless; trouble sleeping; feeling tired or having little energy; not being able to stop or control worrying; worrying too much about different things; and trouble relaxing. Tr. 375. Thus, the court agrees with Plaintiff that the ALJ's reasoning regarding Plaintiff's alleged "improvement" after being placed on medication is not supported by substantial evidence. ECF No. 12 at 14.

Finally, the ALJ generally cites the opinion of medical expert Dr. Toews as support for his reasoning that examining physicians Dr. McDougall and Dr.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 25

Arnold's opinions are not supported by "commensurate clinical findings of abnormality contained in the longitudinal record." Tr. 31. As an initial matter, the court notes again that the "longitudinal record" in this case is almost entirely comprised of Plaintiff's ongoing treatment for mental health issues. Tr. 328-343, 353-357 365-377. Regardless, Dr. Toews testified that Plaintiff had no restriction of activities of daily living; no episodes of decompensation; and only mild functional limitations in maintaining social functioning, and maintaining concentration, persistence or pace. Tr. 57-58, 393. Plaintiff correctly argues that "[t]he opinion of a nonexamining physician cannot *by itself* constitute substantial evidence that justifies the rejection of the opinion of either an examining or a treating physician." *See Lester*, 81 F.3d at 831(emphasis in original). An ALJ may rely upon the opinion of a non-examining medical advisor as long as other evidence in the record is consistent with those findings. *See Magallanes v Bowen*, 881 F.2d 747, 752 (9th Cir. 1989); *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)(when a treating physician's opinion is contradicted by medical evidence, the opinion may still be rejected if the ALJ provides specific and legitimate reasons supported by substantial evidence in the record). However, in this case, the ALJ failed to identify substantial evidence consistent with the findings of Dr. Toews; nor did he offer additional specific and legitimate reasons supported by substantial evidence that would sufficiently justify the rejection the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 26

1    opinions of examining physicians Dr. McDougall and Dr. Arnold. Thus, the ALJ

2    erred by relying solely on Dr. Toews' opinion testimony as a reason to reject Dr.

3    McDougall and Dr. Arnold's opinions.

4          For all of these reasons, the ALJ erred in evaluating the opinions of Dr.

5    McDougall and Dr. Arnold. The ALJ must reconsider these opinions upon remand.

6    **C. Step Two**

7          At step two of the sequential process, the ALJ must determine whether

8    Plaintiff suffers from a severe impairment. 20 C.F.R. § 416.920(a). To be

9    considered 'severe,' an impairment must significantly limit an individual's ability

10   to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Smolen v.*

11   *Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment that is 'not severe'

12   must be a slight abnormality (or a combination of slight abnormalities) that has no

13   more than a minimal effect on the ability to do basic work activities. SSR 96-3P,

14   1996 WL 374181 at *1 (July 2, 1996). Basic work activities are the "abilities and

15   aptitudes necessary to do most jobs," which includes, for example: walking,

16   standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;

17   understanding, carrying out, and remembering simple instructions; use of

18   judgment; responding appropriately to supervision, co-workers and usual work

19   situations; and dealing with changes in a routine work setting. 20 C.F.R.  §

20   404.1521(b). Plaintiff bears the burden to establish the existence of a severe

impairment or combination of impairments, which prevent him from performing

substantial gainful activity, and that the impairment or combination of impairments

lasted for at least twelve continuous months. 20 C.F.R. §§ 404.1505, 404.1512(a);

*Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2011). However, step two

is "a de minimus screening device [used] to dispose of groundless claims." *Smolen*,

80 F.3d at 1290. "Thus, applying our normal standard of review to the

requirements of step two, we must determine whether the ALJ had substantial

evidence to find that the medical evidence clearly established that [Plaintiff] did

not have a medically severe impairment or combination of impairments." *Webb v.

Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Here, at step two, the ALJ found that Plaintiff's "proposed and/or diagnosed

mental impairments … considered singly and in combination, do not cause more

than minimal limitation in the claimant's ability to perform basic mental work

activities and are therefore nonsevere." Tr. 30. Plaintiff argues the ALJ erred by

failing to find severe mental limitations at step two. ECF No. 12 at 12-13.

Defendant responds by citing evidence, identified by the ALJ, to support the

finding that Plaintiff's alleged mental impairments were not severe. ECF No. 14 at

3-5. This evidence is almost entirely comprised of medical expert Dr. Toews'

testimony that Plaintiff had no more than mild limitations in the four broad

functional areas set out in the disability regulations for evaluating mental disorders,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
28

and therefore did not have a severe mental impairment. ECF No. 14 at 3-5 (citing

Tr. 29-31, 47-58). However, as discussed above, the medical evidence

demonstrates that Plaintiff regularly received treatment for mental health

complaints from treating medical professionals. Tr. 328-343, 353-357 365-377.

Plaintiff was also prescribed medication for treatment of these mental health

conditions. Tr. 330, 339, 354, 367, 381. Most significantly, as noted by Plaintiff

and discussed in detail above, the ALJ did not properly consider the opinions of

examining psychologists Dr. McDougall and Dr. Arnold, who separately assessed

moderate to marked limitations in Plaintiff's ability to perform basic work

activities, including but not limited to: exercising judgment and making decisions;

relating appropriately to co-workers and supervisors; performing activities within a

schedule, maintain regular attendance, and be punctual within customary

tolerances without special supervision; completing a normal work day and work

week without interruptions from psychologically based symptoms; and

maintaining appropriate behavior in a work setting. Tr. 315-316, 326.

     For all of these reasons, the ALJ's step two finding regarding Plaintiff's

alleged mental health impairments was not supported by substantial evidence.

Defendant argues that any error at this step was harmless "because the ALJ

analyzed Plaintiff's [RFC] based on all her severe and nonsevere impairments,

including her anxiety." ECF No. 14 at 5-6. Defendant is correct that the failure by

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
29

an ALJ to include an impairment at step two is harmless when the decision reflects

that the ALJ considered any limitations posed by the impairment at steps four and

five. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). However, in support of

this contention Defendant relies entirely on two sentences in the ALJ's erroneous

adverse credibility that allege inconsistencies in Plaintiff's mental health

complaints. ECF No. 14 at 5-6 (citing Tr. 33). The court is unable to discern any

consideration by the ALJ of the copious limitations opined by Dr. McDougall and

Dr. Arnold at steps four or five. It is similarly unclear whether the ALJ considered

all of Plaintiff's alleged mental health limitations when assessing the RFC. Thus,

the court cannot find the ALJ's error harmless in this case due to the ALJ's

improper consideration of Dr. McDougall and Dr. Arnold's psychological

evaluations; the improper credibility finding; and the failure to consider Plaintiff's

treatment history for depression, anxiety, PTSD, and sleep problems. Upon

remand, the ALJ must reconsider his findings at step two.

### CONCLUSION

The ALJ's decision was not supported by substantial evidence and free of

legal error. Remand is appropriate when, like here, a decision does not adequately

explain how a conclusion was reached, "[a]nd that is so even if [the ALJ] can offer

proper post hoc explanations for such unexplained conclusions," for "the

Commissioner's decision must stand or fall with the reasons set forth in the ALJ's

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~
30

decision, as adopted by the Appeals Council." *Barbato v. Comm'r of Soc. Sec.,* 923 F.Supp. 1273, 1276 n. 2 (C.D.Cal.1996) (citations omitted). On remand, the ALJ must reconsider the credibility analysis. Additionally, the ALJ is directed to properly weigh the opinions of Dr. McDougall and Dr. Arnold, and provide legally sufficient reasons for evaluating these opinions, supported by substantial evidence. Finally, the ALJ must reconsider the step two findings; and, if necessary, reevaluate the RFC and the entirety of the sequential process.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 12, is **GRANTED**. The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. § 405(g).

2.  Defendant's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** March 23, 2016.

_____*s/Fred Van Sickle*_____
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 31